IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:15CV317

| | | |
|---|---|---|
| SOUTHEASTERN UNDERWATER SERVICES, INC. and CROWDER CONSTRUCTION COMPANY, ) ) ) ) | | |
| Plaintiffs, ) ) | | |
| Vs. ) ) | ORDER | |
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, ) ) ) | | |
| Defendant. ) ) | | |

This matter is before the Court upon Defendant's Motion for Judgment on the Pleadings. The matter is fully briefed and ripe for disposition.

This case arises out of a dispute regarding insurance coverage. Plaintiff Southeastern Underwater Services, Inc. ("SEUS") was insured under a Commercial Marine Liability Policy issued by Defendant National Union Fire Insurance Company ("NUFIC"). SEUS was hired as a subcontractor by Co-Plaintiff Crowder Construction Company ("Crowder") to perform construction work at a water treatment plant in Lenoir, North Carolina. Pursuant to the subcontract, SEUS agreed to perform all necessary underwater welding to secure pipes. SEUS's work was defective and caused damage to and loss of use of the pipes. Crowder was forced to expend funds to repair and replace the pipes. Crowder brought a claim in arbitration against SEUS in order to recover those costs. Defendant NUFIC refused to defend SEUS in the arbitration proceeding and refused coverage for damage to the pipes. Crowder ultimately obtained a $479,000 arbitration award against SEUS that has been reduced to judgment.

1

SEUS and Crowder filed this action against NUFIC seeking damages. The Complaint's First Claim for Relief contends that NUFIC breached its duty under the Policy to defend SEUS in the underlying arbitration against Crowder and to indemnify SEUS for any liability to Crowder. The Second Claim for Relief alleges that Crowder as a judgment creditor is a third party beneficiary of the Policy and that Crowder is entitled under the Policy for NUFIC to pay its judgment. In the Third Claim for Relief, SEUS alleges NUFIC violated N.C.G.S. §§ 75-1.1 & -16 of the North Carolina Unfair and Deceptive Trade Practices Act ("NCUDTPA") in the course of handling the claim. NUFIC filed its Amended Answer and Counterclaim denying liability and seeking a declaration of non-coverage. NUFIC now seeks judgment on the pleadings, contending that there is no coverage under the policy, and citing several policy exclusions that it contends apply to the claim.

The analysis to be applied to a 12(c) motion is the same as that employed with Rule 12(b)(6) motions. *See Walker v. Kelly*, 589 F.3d 127,139 (4th Cir. 2009). That is, the complaint must state claims for relief that are plausible. *See Massey v. Ojaniit*, 759 F.3d 343, 353 (4th Cir. 2014) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)).

Based upon the Court's review of the pleadings, briefs, and exhibits, there appears to be at least one key fact in dispute: whether the scope of SEUS's work included placement of the pipes or whether all work on the pipes was within the scope of Crowder's work. The determination of this fact is integral to the issue of coverage and cannot be determined at this stage of this litigation. Accordingly, Defendant's motion is denied with regard to Plaintiffs' First and Second Claims for Relief.

Plaintiffs' Third Claim for Relief is under the NCUDTPA. Defendant contends that this claim must be dismissed because South Carolina law governs this claim. The North Carolina

Supreme Court has not addressed the proper choice of law test for UDTPA claims, and the North Carolina Courts of Appeal have employed both the *lex loci* test and the "most significant relationship" test. This Court has previously determined that the *lex loci* test is the one that the North Carolina Supreme Court would most likely apply. *See United Dominion Indus., Inc. v. Overhead Door Corp.*, 762 F.Supp. 126, 129 (W.D.N.C. 1991).

Application of the *lex loci* test requires the Court to determine where the injuries at issue were sustained, and apply the law of that state. *Id.* The injuries herein are financial injuries, and courts typically look to the location where the economic loss was felt. *See Clifford v. American Int'l Specialty Lines Ins. Co.*, No. 1:04CV486, 2005 WL 2313907, at *8 (M.D.N.C. Sept. 21, 2005). SEUS is headquartered in South Carolina and that is where the economic loss occurred. Moreover, the demand for defense made to NUFIC was made from SEUS's counsel in South Carolina, and all NUFIC's communications to SEUS regarding coverage of the claim were directed to SEUS's counsel in South Carolina. Finally, judgment against SEUS in favor of Crowder was filed in South Carolina. The Court finds that the *lex loci* test results in the application of South Carolina law to this claim. Therefore, the NCUDTPA does not apply and the Third Claim for Relief must be dismissed.

IT IS THEREFORE ORDERED that Defendant's Motion for Judgment on the Pleadings is GRANTED IN PART AND DENIED IN PART. Plaintiffs' Third Claim for Relief is hereby dismissed.

Signed: March 15, 2016

Graham C. Mullen
United States District Judge